**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4709**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELROY WILLIAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:17-cr-00336-ELH-1)

Submitted: August 30, 2021                    Decided: October 20, 2021

Before MOTZ, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHL, PC, Richmond, Virginia, for Appellant. Robert K. Hur, United States Attorney, Zachary B. Stendig, Assistant United States Attorney, John W. Sippel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Delroy Williams, Jr., of conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and a quantity of marijuana, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841, 846 (Count 1s), and possession with intent to distribute cocaine (Count 2s) and marijuana (Count 3s), in violation of 18 U.S.C. § 2, 21 U.S.C. § 841. Williams appeals, arguing that the district court erred in denying his motion to suppress certain evidence and in denying his motion for judgment of acquittal, as it pertained to the amount of drugs attributed to the conspiracy. Finding no reversible error, we affirm.

I

Williams first contends that the district court erred by denying his motion to suppress evidence obtained during a search—executed pursuant to a search warrant—of his sport utility vehicle and an apartment with which he was associated. The search warrant authorized officers to search both the apartment and vehicle for "presently concealed certain property" relating to the commission of an armed robbery, including "Handgun, Ammunition, Residency Papers, [and a] Samsung Galaxy Note with" a specified phone number. (J.A. 39).[*] From the apartment, officers recovered two silver handguns, as well as large bundles of marijuana and cocaine from plastic containers located in a utility closet. From the vehicle, officers recovered a .22 caliber magazine, several .22 live rounds, the

---

[*] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

vehicle's registration in Williams's name, a wallet containing Williams's driver's license, three cell phones—including a Samsung Note that officers later determined belonged to the robbery victim—a backpack containing approximately $213,000 in United States currency, and large boxes containing additional quantities of marijuana. Williams argues that officers exceeded the scope of the search warrant by continuing to search after locating the two firearms.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. "A search conducted pursuant to a warrant is limited in scope by the terms of the warrant's authorization." *United States v. Phillips*, 588 F.3d 218, 223 (4th Cir. 2009). With respect to particularity, "we construe search warrants in a commonsense and realistic manner, avoiding a hypertechnical reading of their terms." *United States v. Blakeney*, 949 F.3d 851, 862 (4th Cir. 2020) (internal quotation marks omitted). "[W]e review the district court's legal conclusions regarding the scope of the warrant de novo and the factual findings underlying those conclusions for clear error." *United States v. Kimble*, 855 F.3d 604, 609 (4th Cir. 2017).

In denying Williams's motion to suppress, the district court found, without objection, that at the time officers recovered the two firearms, "no residency papers had been located. And certainly the phones had not been located because they were in the car." (J.A. 98). Moreover, as the court emphasized, the officers executing the search warrant

3

had no means of verifying whether either of the firearms first located were the "small silver handgun" described by the robbery victim.

It is well established that "[a] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *United States v. Ross*, 456 U.S. 798, 820-21 (1982) (further explaining that, for example, "a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found"). We conclude that the district court did not err in denying Williams's motion to suppress based on its conclusion that the search did not exceed the scope of the warrant.

II

Next, Williams argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal on Count 1s, contending that insufficient evidence supported the quantity of drugs attributed to the conspiracy. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility.

4

*Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To convict a Defendant of a drug conspiracy under 21 U.S.C. §§ 841, 846, the Government must establish beyond a reasonable doubt that "(1) an agreement to distribute and possess [cocaine and marijuana] with intent to distribute existed between two or more persons; (2) the [D]efendant knew of the conspiracy; and (3) the [D]efendant knowingly and voluntarily became a part of this conspiracy." *United States v. Ath*, 951 F.3d 179, 185 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2790 (2020). Williams's sole challenge to the sufficiency of the evidence is that the Government failed to prove that the conspiracy involved five kilograms or more of cocaine, as charged in the superseding indictment.

In response, the Government emphasizes testimony at trial regarding the almost five kilograms of cocaine seized and the testimony of Williams's wife—who testified against him in hopes of receiving a more lenient sentence on her own related charge—about a prior occasion where Williams and a neighbor possessed a 10-inch long brick of cocaine and discussed strategies for how to "cut" the cocaine with adulterants in order to increase profits. The Government also highlights expert testimony that (1) the amount of cocaine found in the apartment was a "distribution-level quantity," and (2) the over $213,000 in cash found in William's vehicle suggested that the drugs seized were part of a drug trafficking scheme. Appellees' Brief at 23.

5

Williams challenges the credibility of his wife's testimony, but "we must assume on appeal that the jury resolved any issues of witness credibility in the government's favor." *United State v. Hackley*, 662 F.3d 671, 678 (4th Cir. 2011); *see Ath*, 951 F.3d at 185 (acknowledging that "the jury, not the reviewing court, . . . resolves any conflicts in the evidence presented" (brackets and internal quotation marks omitted)). Viewed in the light most favorable to the Government, we conclude that there was sufficient evidence presented at trial for the jury to find that the charged conspiracy involved over five kilograms of cocaine. Accordingly, the district court did not err in denying Williams's Rule 29 motion.

## III

Finally, Williams, who is represented by counsel, seeks to file a pro se supplemental brief. However, "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We therefore deny Williams's motion to file a supplemental pro se brief.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*